UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNETH M. FALLON

VERSUS

JOHN E. POTTER

CIVIL ACTION

NO. 04-526-JJB

## RULING ON MOTION IN LIMINE

The matter is before the court on a Motion in Limine filed by the defendant, John E. Potter, the Postmaster General (doc. 114). The plaintiff, Kenneth Fallon, has filed a statement of conditional and limited no opposition (doc. 115). Oral argument is not necessary with regard to this matter. This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.

## Background

Kenneth M. Fallon brought suit under Title VII against John E. Potter alleging discrimination based on race, disability, retaliation, and retaliatory hostile work environment.[1] In his opposition to defendant's motion for summary judgment, plaintiff abandoned his discrimination claims based on race and disability, leaving only his retaliation and retaliatory hostile work environment claims.[2] On April 24, 2007, this Court granted defendant's motion for summary judgment, dismissing plaintiff's claims.[3] Plaintiff subsequently appealed to the Fifth Circuit.[4] The Fifth Circuit found that plaintiff's first protected activity relevant to his case occurred on June 20, 2001, the date Fallon

---

[1] Complaint, doc. 1.
[2] Opposition to Motion for Summary Judgment, doc. 55, page 1, n. 2 ("To the extent that plaintiff has made race or disability claims, he abandons them.").
[3] Ruling, doc. 89.
[4] Notice of Appeal, doc. 91.

commenced EEOC informal counseling.[5] Because much of the alleged harassment occurred prior to this date, the Fifth Circuit reasoned that Fallon had failed to prove a prima facie case of retaliation as to those instances of alleged harassment. Further, for the majority of the instances of alleged harassment occurring after the June 2001 date, the Fifth Circuit stated that the defendant provided legitimate, non-discriminatory reasons for the alleged harassment. Thereafter, the Fifth Circuit turned to plaintiff's only remaining claim of retaliation stemming from his supervisor's alleged comments regarding his EEOC activities.[6] As to this sole remaining claim, the Fifth Circuit stated:

> Fallon's evidence presents a genuine fact issue as to whether Augustus' [his supervisor's] statements would have discouraged a reasonable employee from continuing to pursue EEO claims, and that the district court erred in granting Potter's motion for summary judgment with respect to this single retaliation claim.[7]

## Analysis

A jury trial is scheduled for this single retaliation claim on January 28, 2009. Defendant has filed a motion in limine to prevent plaintiff from introducing any evidence regarding claims dismissed by this Court and which dismissal was affirmed by the Fifth Circuit.[8] Defendant also seeks to exclude all evidence by plaintiff regarding his abandoned claims. Defendant argues that such evidence is irrelevant, because a

---

[5] Mandate from the Fifth Circuit Court of Appeals, doc. 103, page 9. To establish a prima facie case of retaliation, plaintiff must prove (1) he engaged in Title VII protected activity; (2) defendant carried out an adverse employment action; and (3) there was a causal connection between plaintiff's protected activity and defendant's adverse action. Harvill v. Westward Communications, L.L.C., 433 F.3d 428, 439 (5th Cir. 2005). Upon establishment of plaintiff's prima facie case, the burden shifts to defendant to provide a legitimate, non-discriminatory reason for the alleged harassment.

[6] The statements at issue are: (1) "You just keep filing those EEO complaints and I promise you one thing—there won't be a person in this post office to testify against me;" (2) You need to call her [an EEOC officer] and talk to her so you can drop this EEO;" (3) You need to tell her you don't need redress…cause you're canceling the EEO complaint;" (4) You'll never have anyone in this post office stand up for you. If you continues to file these charges, I'll show you what you're up against;" and (5) "Hey, Fallon, you file any EEO's."

[7] Mandate from the Fifth Circuit Court of Appeals, doc. 103, page 12.

[8] Doc. 114.

2

judgment has been reached as to those claims dismissed and affirmed by the Fifth Circuit and those claims abandoned by the plaintiff. Defendant further argues that even if such evidence was deemed relevant, it would only serve to confuse the jury, unfairly prejudice the defendant, and cause unnecessary delay. Defendant suggests that Fallon can "simply testify that he filed EEO complaints and provide the dates such claims were filed. Fallon does not have to introduce testimony regarding the specific claims dismissed by this Court to show that he engaged in protected activity."[9] Plaintiff has filed a statement of conditional and limited no opposition.[10] In this statement, plaintiff states that he has no opposition to defendant's motion in limine "provided Fallon is not limited to 'simply testify[ing] that he filed EEO complaints and provid[ing] the dates such claims were filed.' If he were so limited, he could simply stipulate to this testimony and not appear at all."[11]

Under the Fifth Circuit mandate, Fallon will have to testify as to the statements allegedly made by his supervisor. Fallon may also testify as to the first date he engaged in protected activity or in the alternative, the parties could stipulate as to the first date of protected activity as set forth by the Fifth Circuit. This Court agrees with defendant that allowing plaintiff to testify regarding dismissed and abandoned claims would potentially confuse and prejudice the jury. Plaintiff need not introduce evidence regarding abandoned or dismissed claims in order to argue his remaining claim of retaliation based on defendant's alleged statements made after plaintiff engaged in protected activity in June of 2001. Therefore, this Court will grant defendant's motion in limine, preventing plaintiff from introducing any and all evidence regarding claims that were

---

[9] Memorandum in support of motion in limine, doc. 114-2, page 5.
[10] Doc. 115.
[11] Doc. 115.

dismissed by this Court and which dismissal was subsequently affirmed by the Court of Appeals for the Fifth Circuit. This Court will also exclude any and all evidence regarding plaintiff's abandoned claims.

## Conclusion

The court **GRANTS** defendant's motion in limine (doc. 114).

Signed in Baton Rouge, Louisiana, on December 23, 2008.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**